**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

New Jersey Carpenters Vacation Fund and Boilermaker : 
Blacksmith National Pension Trust, On Behalf of Themselves : 
and All Others Similarly Situated, :      08-CV-5093 (HB)
:
                      Plaintiffs, :      ECF Case
:
        -against- :
:
The Royal Bank of Scotland Group, plc, Greenwich Capital : 
Holdings, Inc., Greenwich Capital Acceptance, Inc., Greenwich : 
Capital Financial Products, Inc., Robert J. McGinnis, Carol P. : 
Mathis, Joseph N. Walsh, III, John C. Anderson, James M. : 
Esposito, RBS Securities Inc. f/k/a Greenwich Capital Markets, : 
Inc., d/b/a RBS Greenwich Capital, Moody's Investors Service, : 
Inc., and The McGraw-Hill Companies, Inc., :
:
                      Defendants. :

---------------------------------------------------------------- x

# THE RBS DEFENDANTS' ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO THE CONSOLIDATED FIRST AMENDED SECURITIES CLASS ACTION COMPLAINT

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000

*Attorneys for Defendants The Royal Bank of Scotland Group, plc, RBS Holdings USA Inc. f/k/a Greenwich Capital Holdings, Inc., RBS Acceptance Inc. f/k/a Greenwich Capital Acceptance, Inc., RBS Financial Products Inc. f/k/a Greenwich Capital Financial Products, Inc., RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson, and James M. Esposito*

Pursuant to this Court's March 26, 2010 Opinion and Order ("Opinion") in this matter, the Consolidated First Amended Securities Class Action Complaint (the "Complaint") was dismissed in all respects except for: (1) Section 11 claims under the Securities Act of 1933 (the "Securities Act") against defendants RBS Acceptance Inc. f/k/a Greenwich Capital Acceptance, Inc., ("RBS Acceptance"), RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc. ("RBS Securities"), Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson, and James M. Esposito (together, the "Individual Defendants") based on alleged disclosure flaws with respect to alleged departures from mortgage loan underwriting guidelines; (2) Section 12 claims under the Securities Act against defendant RBS Securities; and (3) Section 15 claims under the Securities Act against The Royal Bank of Scotland Group, plc ("RBSG"), RBS Holdings USA Inc. f/k/a Greenwich Capital Holdings, Inc. ("RBS Holdings"), RBS Securities and the Individual Defendants based on their alleged control of RBS Acceptance (all aforementioned defendants, in addition to RBS Financial Products Inc.,[1] are hereby collectively referred to as the "RBS Defendants"). The Opinion further dismissed all claims relating to securities offerings in which Plaintiffs did not allege purchases, leaving claims relating only to two securities offerings: HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2006-4 (the "2006-4 Offering") and HarborView Mortgage Loan Trust, Mortgage Loan Pass-Through Certificates, Series 2007-7 (the "2007-7 Offering") (collectively, the "2006-4 and 2007-7 Offerings"). Accordingly, substantial portions of the Complaint are inoperative and do not require a response. Notwithstanding, the RBS Defendants, by and through their undersigned counsel, respond to the Complaint as follows:

---

[1] No claims are brought in the Complaint against RBS Financial Products Inc., f/k/a Greenwich Capital Financial Products, Inc. ("RBSFP").

## GENERAL DENIAL

The RBS Defendants each deny any and all liability under Sections 11, 12 and 15 (as applicable) of the Securities Act. Further, the Complaint contains allegations pertaining to the conduct and/or state of mind of other named but now-dismissed defendants and third parties. No answer is required to these allegations. Unless otherwise expressly admitted or denied, the RBS Defendants deny such allegations based upon their lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Allegations that state a legal conclusion do not require a response; to the extent that a response is required, such allegations are denied. Finally, the Complaint contains purported excerpts from and references to a number of documents and third-party publications. Such documents and third-party publications speak for themselves and the RBS Defendants refer to the respective documents for the complete and accurate contents thereof.

## SPECIFIC RESPONSES

1.    Paragraph 1 purports to describe the Complaint and includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 1 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, except admit that Plaintiffs have filed a Complaint, which speaks for itself, that the RBS Defendants filed registration statements with the Securities and Exchange Commission (the "SEC") in connection with the 2006-4 and 2007-7 Offerings (the "Registration Statements"), and that prospectuses and prospectus supplements

were filed in connection with the 2006-4 and 2007-7 Offerings (collectively, with the Registration Statements, the "Offering Documents").

2.      Paragraph 2 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations. Insofar as the allegations in Paragraph 2 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities served as underwriter for the 2006-4 and 2007-7 Offerings and that certificates were sold to investors pursuant to those two offerings, and refer to RBS Acceptance's public filings made in connection with those two offerings for the complete and accurate contents thereof.

3.      Paragraph 3 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 3 pertain to claims that were not dismissed, Paragraph 3 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations.

4.      Paragraph 4 includes allegations that purport to describe the relief sought in the Complaint, assert conclusions of law, and/or pertain to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 4 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that: (1) RBS Acceptance filed the Registration Statements and acted as the depositor for the 2006-4 and 2007-7 Offerings; (2) RBSFP acted as sponsor and

seller for the 2006-4 and 2007-7 Offerings; (3) RBS Securities acted as underwriter for the 2006-4 and 2007-7 Offerings; (4) RBS Holdings is the parent company of RBS Acceptance, RBS Securities and RBSFP; and (5) the Individual Defendants signed the Registration Statements.

5.    Paragraph 5 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 5 pertain to claims that were not dismissed, the RBS Defendants deny the allegations of the first sentence, except admit that RBS Securities underwrote the 2006-4 and 2007-7 Offerings, that RBS Acceptance acted as depositor and that RBSFP acted as sponsor and seller for those offerings. The RBS Defendants deny the allegations in the second sentence and footnote, except admit that "distributions were made to investors through the issuing trust in accordance with the terms of the Offering Documents" and that "the Certificates were divided into a structure of classes, or 'tranches,' reflecting different priorities of seniority payment, exposure to risk and default, and interest payments", and refer to RBS Acceptance's public filings made in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

6.    Paragraph 6 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 6 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except (1) admit that RBS Securities underwrote the 2006-4 and 2007-7 Offerings, that the mortgage loans securitized in 2006-4 Offering were originated by Countrywide Home Loans, Inc. ("Countrywide"), that mortgage loans securitized in the 2007-7 Offerings were originated by American Home

Mortgage Corporation ("American Home") and Downey Savings and Loan Association, F.A. ("Downey"), and refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof; and (2) lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Greenwich Capital had become one of the largest MBS underwriters" or that "[a]ccording to *Inside Mortgage Finance*, in 2005 alone, Greenwich Capital had underwritten $120.32 billion of MBS" and refer to the *Inside Mortgage Finance* document referenced in the second sentence of Paragraph 6 for the complete and accurate contents thereof.

7.       Paragraph 7 sets forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 7 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

8.       Paragraph 8 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 8 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that defendants Standard & Poor's Ratings Service, a division of The McGraw-Hill Companies ("S&P") and Moody's Corporation ("Moody's"), assigned ratings to the certificates issued pursuant to the Offering Documents (the "Certificates"), and refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

9.    Paragraph 9 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 9 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Moody's and S&P have downgraded the ratings of certain Certificates sold in those offerings.

10.    Paragraph 10 includes allegations pertaining to securities offerings with to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 10 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that the Offering Documents contained statements of underwriting guidelines used by originators of mortgage loan pools securitized in each offering, including descriptions of the originators' discretion to depart from those guidelines, and that Moody's and S&P have downgraded the ratings of certain Certificates sold in those offerings, and refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

11.    Paragraph 11 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 11 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

12.    Paragraph 12 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 12 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS

Securities and its affiliates engaged Clayton Holdings, Inc. ("Clayton") to assist with due diligence, and refer to the document cited in footnote 3 for the complete and accurate contents thereof.

13.    Paragraph 13 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations, and refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

14.    Paragraph 14 sets forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations, and refer to the SEC report and documents referenced in Paragraph 14 for the complete and accurate contents thereof.

15.    Paragraph 15 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 15 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

16.    Paragraph 16 includes allegations pertaining to securities offerings and to alleged misstatements or omission with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 16 pertain to claims that were not dismissed, Paragraph 16 asserts

conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations.

17.    Paragraph 17 includes allegations pertaining to securities offerings and to alleged misstatements or omission with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 17 pertain to claims that were not dismissed, Paragraph 17 asserts conclusions of law to which no response is required. To the extent a response is required, the RBS Defendants deny all allegations.

18.    Paragraph 18 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 18 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities, RBSFP, RBS Acceptance and RBS Holdings conducted business in this county.

19.    Paragraph 19 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 19 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except deny that Plaintiffs have suffered injury compensable under the Securities Act in connection with Certificates they allegedly purchased.

20.    Paragraph 20 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were

dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 20 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except deny that Plaintiffs have suffered injury compensable under the Securities Act in connection with Certificates they allegedly purchased.

21.    Paragraph 21 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 21 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Holdings is a privately-held corporation that is an indirect but wholly-owned subsidiary of RBSG.

22.    Paragraph 22 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 22 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Holdings is a privately-held corporation that is an indirect but wholly-owned subsidiary of RBSG, and that RBS Holdings is located at 600 Washington Boulevard, Stamford, Connecticut, 06901.

23.    Paragraph 23 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 23 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBSFP, a Delaware corporation, acted as sponsor for those

offerings and that RBS Acceptance acted as depositor, and refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof. The RBS Defendants further admit that RBSFP is located at 600 Washington Boulevard, Stamford, Connecticut 06901.

24.     Paragraph 24 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 24 pertain to claims that were not dismissed, the RBS Defendants admit the allegations in Paragraph 24, except deny that the aggregate registered under the 2006 Registration Statement as of the filing date was $66,491,852,079.00.

25.     Paragraph 25 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 25 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Acceptance is a wholly-owned subsidiary of RBS Holdings, that RBS Acceptance filed registration statements, prospectuses and prospectus supplements with the SEC in connection with the 2006-4 and 2007-7 Offerings, that RBS Acceptance acted as depositor for those two offerings, and that RBS Acceptance is located at 600 Washington Boulevard, Stamford, Connecticut 06901, and state that the last sentence of Paragraph 25 is a legal conclusion as to which no response is required.

26.     Paragraph 26 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the

allegations in Paragraph 26 pertain to claims that were not dismissed, the RBS Defendants deny

all allegations, except admit that Defendant Robert J. McGinnis signed the Registrations

Statements and that he was a Director of RBS Acceptance from May 16, 2005 through March 23,

2007, and a Managing Director of RBS Securities from January 11, 2006 through October 1,

2007.

      27.     Paragraph 27 includes allegations pertaining to securities offerings and to alleged

misstatements or omissions with respect to which all claims against the RBS Defendants were

dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the

allegations in Paragraph 27 pertain to claims that were not dismissed, the RBS Defendants deny

all allegations, except admit that Defendant Carol P. Mathis signed the Registrations Statements

and that she was a Managing Director and Chief Financial Officer of RBS Acceptance from May

16, 2005 through October 1, 2007, and a Managing Director of RBS Securities from January 11,

2006 through October 1, 2007.

      28.     Paragraph 28 includes allegations pertaining to securities offerings and to alleged

misstatements or omissions with respect to which all claims against the RBS Defendants were

dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the

allegations in Paragraph 28 pertain to claims that were not dismissed, the RBS Defendants deny

all allegations, except admit that Defendant Joseph M. Walsh, III signed the Registrations

Statements and that he was a Director of RBS Acceptance from May 16, 2005 through October

1, 2007, and a Managing Director of RBS Securities from January 11, 2006 through October 1,

2007.

      29.     Paragraph 29 includes allegations pertaining to securities offerings and to alleged

misstatements or omissions with respect to which all claims against the RBS Defendants were

dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 29 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Defendant John C. Anderson signed the Registrations Statements and that he was a Director and Managing Director of RBS Acceptance from May 16, 2005 through October 1, 2007, and a Managing Director of RBS Securities from January 11, 2006 through October 1, 2007.

30.    Paragraph 30 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 30 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Defendant James M. Esposito signed the Registrations Statements and that he was a Director, Managing Director, General Counsel and Secretary of RBS Acceptance from May 16, 2005 through October 1, 2007.

31.    Paragraph 31 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 31 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

32.    Paragraph 32 includes allegations pertaining to securities offerings and to alleged misstatements or omission with respect to which all claims against the RBS Defendants were dismissed by the Opinion, thus no response is required as to those allegations. Insofar as the allegations in Paragraph 32 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

33.    Paragraph 33 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 33 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities is an SEC-registered broker-dealer, that RBS Securities has an office located at 600 Washington Boulevard, Stamford, Connecticut 06901, that RBS Securities is a wholly-owned subsidiary of RBS Holdings, that RBS Securities underwrote the 2006-4 and 2007-7 Offerings at issue in this case, and that RBS Securities conducts business in this county, and refer to RBS Acceptance's public filings made in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

34.    Paragraph 34 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 34 pertain claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities underwrote the 2006-4 and 2007-7 Offerings.

35.    Paragraph 35 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 35 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities underwrote the 2006-4 and 2007-7 Offerings.

36.    Paragraph 36 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the

allegations in Paragraph 36 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings (and the documents referenced therein) for the complete and accurate contents thereof.

37.     Paragraph 37 sets forth allegations pertaining to securities offerings and to misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.

38.     Paragraph 38 sets forth allegations pertaining to securities offerings and to misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.

39.     Paragraph 39 sets forth allegations pertaining to securities offerings and to misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.

40.     Paragraph 40 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 40 pertain to claims that were not dismissed, the RBS Defendants deny that Paragraph 40 is a complete description of mortgage securitization, and refer to the Offering Documents for the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

41.     Paragraph 41 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 41 pertain to claims that were not dismissed, the RBS Defendants deny

that Paragraph 41 is a complete description of mortgage securitization and credit enhancements, and refer to the Offering Documents for the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

42.    Paragraph 42 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 42 pertain to claims that were not dismissed, The RBS Defendants deny all allegations.

43.    Paragraph 43 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 43 pertain to claims that were not dismissed, the RBS Defendants deny that the allegations in Paragraph 43 provide a complete and accurate description of securitization practices in the 1980s and 1990s.

44.    Paragraph 44 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 44 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, except admit that RBS Securities underwrote mortgage-backed securities between 2005 and 2007, and refer to the documents referenced in Paragraph 44 for the complete and accurate contents thereof.

45.    Paragraph 45 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 45 pertain to claims that were not dismissed, The RBS Defendants admit the allegations in Paragraph 45.

46.    Paragraph 46 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 46 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

47.    Paragraph 47 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 47 pertain to claims that were not dismissed, the RBS Defendants deny that Paragraph 47 is a complete description of the purchases from third-party originators of loans underlying the 2006-4 and 2007-7 Offerings.

48.    Paragraph 48 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 48 pertain to claims that were not dismissed, the RBS Defendants deny that Paragraph 48 is a complete description of the purchases from third-party originators of loans underlying the 2006-4 and 2007-7 Offerings.

49.    Paragraph 49 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations. Insofar as the allegations in Paragraph 49 pertain to claims that were not dismissed, the RBS Defendants deny that Paragraph 49 is a complete description of the purchase from third-party originators of loans underlying the 2006-4 and 2007-7 Offerings.

50-56. Paragraphs 50-56 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required. To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs.

57.     Paragraph 57 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 57 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that diligence was conducted on the loans underlying the 2006-4 and 2007-7 Offerings, that RBS Securities and its affiliates engaged Clayton to assist with due diligence, that a diligence team oversaw the work of Clayton, that loans were rated and that certain loans were removed from the loan pools or re-priced.

58-61. Paragraphs 58-61 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required. To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, except refer to the document referenced in those paragraphs for the complete and accurate contents thereof.

62.     Paragraph 62 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations.  Insofar as the allegations in Paragraph 62 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

63.      Paragraph 63 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 63 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

64.      Paragraph 64 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 64 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and refer to the documents referenced in Paragraph 64 for the complete and accurate contents thereof.

65.      Paragraph 65 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 65 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

66.      Paragraph 66 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 66 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66, except admit that the Moody's and S&P rated the Certificates for the 2006-4 and 2007-7 Offerings.

67.    Paragraph 67 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 67 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Moody's and S&P rated the Certificates for those offerings, that Moody's and S&P have since downgraded the ratings for certain classes of Certificates sold in those offerings, and refer to RBS Acceptance's public filings in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

68.    Paragraph 68 includes allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 68 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Moody's and S&P have downgraded the ratings for certain of the Certificates sold in the 2006-4 and 2007-7 Offerings.

69.    Paragraph 69 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 69 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Countrywide originated loans for the 2006-4 Offering, and refer to RBS Acceptance's public filings in connection with the 2006-4 Offering for the complete and accurate contents thereof.

70.    Paragraph 70 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 70 pertain to

claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Moody's and S&P downgraded the ratings for certain of the Certificates sold in the 2006-4 and 2007-7 Offerings.

71.    Paragraph 71 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 71 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71.

72.    Paragraph 72 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 72 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and refer to the document referenced in Paragraph 72 for the complete and accurate contents thereof.

73.    Paragraph 73 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 73 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and refer to the documents referenced in Paragraph 73 for the complete and accurate contents thereof.

74. Paragraph 74 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 74 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that a complaint was filed against Countrywide in the United State District Court for the Central District of California on April 11, 2008, that on December 1, 2008, that court issued a decision ("Countrywide Decision"), and refer to the Countrywide Decision for the complete and accurate contents thereof.

75. Paragraph 75 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 75 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and refer to the Countrywide Decision for the complete and accurate contents thereof.

76. Paragraph 76 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 76 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and refer to the document referenced in Paragraph 76 for the complete and accurate contents thereof.

77.    Paragraph 77 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 77 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and refer to the document referenced in Paragraph 77 for the complete and accurate contents thereof.

78.    Paragraph 78 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 78 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and refer to the document referenced in Paragraph 78 for the complete and accurate contents thereof.

79.    Paragraph 79 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 79 pertain to claims that were not dismissed, The RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.    Paragraph 80 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 80 pertain to

claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and refer to the document referenced in Paragraph 80 for the complete and accurate contents thereof.

81.    Paragraph 81 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 81 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and refer to the document referenced in Paragraph 81 for the complete and accurate contents thereof.

82.    Paragraph 82 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 82 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and refer to the document referenced in Paragraph 82 for the complete and accurate contents thereof.

83.    Paragraph 83 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 83 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 83, and refer to the document referenced in Paragraph 83 for the complete and accurate contents thereof.

84.    Paragraph 84 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 84 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and refer to the document referenced in Paragraph 84 for the complete and accurate contents thereof.

85.    Paragraph 85 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 85 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that American Home originated loans for the 2007-7 Offering and that Moody's and S&P initially rated the certificates sold in the offering and then subsequently downgraded the ratings for certain certificates sold in that offering.

86.    Paragraph 86 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 86 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 86, except deny that "American Home's dubious underwriting practices caught up with American Home", and admit that American Home filed for bankruptcy protection on or about August 6, 2007.

87.    Paragraph 87 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 87 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.    Paragraph 88 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 88 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and refer to the document referenced in Paragraph 88 for the complete and accurate contents thereof.

89.    Paragraph 89 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 89 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and refer to the document referenced in Paragraph 89 for the complete and accurate contents thereof.

90.    Paragraph 90 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 90 pertain to

claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and refer to the document referenced in Paragraph 90 for the complete and accurate contents thereof.

91.    Paragraph 91 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 91 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and refer to the document referenced in Paragraph 91 for the complete and accurate contents thereof.

92.    Paragraph 92 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 92 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and refer to the document referenced in Paragraph 92 for the complete and accurate contents thereof.

93-107.    Paragraphs 93-107 set forth allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

108-120. Paragraphs 108-120 set forth allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required. To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

121.     Paragraph 121 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 121 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Downey originated loans for the 2007-7 Offering and that Moody's and S&P initially rated and then downgraded the ratings for certain certificates sold in that offering.

122.     Paragraph 122 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 122 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth as to the allegations in Paragraph 122, except admit that Downey originated Option-ARM and Neg-AM loans, and refer to the document cited in Paragraph 122 for the complete and accurate contents thereof.

123.     Paragraph 123 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 123 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to

form a belief as to the truth as to the allegations in Paragraph 123, except admit that Downey

originated certain loans under certain stated income and stated asset documentation programs,

and refer to the document referenced in Paragraph 123 for the complete and accurate contents

thereof.

124.    Paragraph 124 includes allegations pertaining to securities offerings with respect

to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations.  Insofar as the allegations in Paragraph 124 pertain to

claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 124, and refer to the document referenced in Paragraph 124 for the complete and

accurate contents thereof.

125.    Paragraph 125 includes allegations pertaining to securities offerings with respect

to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations.  Insofar as the allegations in Paragraph 125 pertain to

claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack

knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 125, and refer to the document referenced in Paragraph 125 for the complete and

accurate contents thereof.

126.    Paragraph 126 includes allegations pertaining to securities offerings with respect

to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations.  Insofar as the allegations in Paragraph 126 pertain to

claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 126, and refer to the document referenced in Paragraph 126 for the complete and accurate contents thereof.

127.    Paragraph 127 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 127 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and refer to the document referenced in Paragraph 127 for the complete and accurate contents thereof.

128.    Paragraph 128 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 128 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, except admit that the FDIC seized Downey's assets and transferred control of Downey to U.S. Bancorp, and refer to the document referenced in Paragraph 128 for the complete and accurate contents thereof.

129.    Paragraph 129 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 129 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 129, except admit that a complaint was filed against Downey in the District Court for the Central District of California on or about May 16, 2008, and refer to the document referenced in Paragraph 129 for the complete and accurate contents thereof.

130.    Paragraph 130 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 130 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and refer to the document referenced in Paragraph 130 for the complete and accurate contents thereof.

131.    Paragraph 131 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 131 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and refer to the document referenced in Paragraph 131 for the complete and accurate contents thereof.

132.    Paragraph 132 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 132 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and refer to the document referenced in Paragraph 132 for the complete and accurate contents thereof.

133.    Paragraph 133 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations. Insofar as the allegations in Paragraph 133 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and refer to the document referenced in Paragraph 133 for the complete and accurate contents thereof.

134.    Paragraph 134 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 134 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and refer to the document referenced in Paragraph 134 for the complete and accurate contents thereof.

135.    Paragraph 135 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 135 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, except admit that Downey's underwriting guidelines permitted exceptions to those guidelines, and refer to the document referenced in Paragraph 135 for the complete and accurate contents thereof.

136.    Paragraph 136 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 136 pertain to

claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, except admit that Downey's underwriting guidelines permitted exceptions to those guidelines, and refer to the document referenced in Paragraph 136 for the complete and accurate contents thereof.

137.    Paragraph 137 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 137 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, except admit that Downey was the subject of certain lawsuits, and refer to the complaints filed in those lawsuits for the complete and accurate contents thereof.

138.    Paragraph 138 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations in Paragraph 138 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and refer to the Registration Statements and prospectus supplements filed with the SEC in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

139.    Paragraph 139 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 139 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities underwrote the 2006-4 and 2007-7 Offerings and that diligence was conducted on

loans in the pools underlying the Certificates, and refer to the Registration Statements and prospectus supplements filed in connection with the 2006-4 and 2007-7 Offerings for the complete and accurate contents thereof.

140.    Paragraph 140 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 140 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 140, and refer to the document referenced in Paragraph 140 for the complete and accurate contents thereof.

141.    Paragraph 141 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 141 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and refer to the document referenced in Paragraph 141 for the complete and accurate contents thereof.

142.    Paragraph 142 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 142 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, and refer to the document referenced in Paragraph 142 for the complete and accurate contents thereof.

143.    Paragraph 143 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 143 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and refer to the document referenced in Paragraph 143 for the complete and accurate contents thereof.

144.    Paragraph 144 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 144 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the document contained in Paragraph 144 for the complete and accurate contents thereof.

145.    Paragraph 145 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 145 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and refer to the document referenced in Paragraph 145 for the complete and accurate contents thereof.

146.    Paragraph 146 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 146 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that

certain complaints were filed against certain of the RBS Defendants and were consolidated in the United State District Court for the Southern District of New York, but deny all allegations in those complaints, and refer to the documents referenced in Paragraph 146 and footnote seven for the complete and accurate contents thereof.

147.    Paragraph 147 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations in Paragraph 147 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

148.    Paragraph 148 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations in Paragraph 148 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

149.    Paragraph 149 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 149 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149.

150.    Paragraph 150 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 150 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph

150, and refer to the documents referenced in Paragraph 150 for the complete and accurate contents thereof.

151.    Paragraph 151 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 151 pertain to the 2006-4 and 2007-7 Offerings, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 151, and refer to the document referenced in Paragraph 151 for the complete and accurate contents thereof.

152.    Paragraph 152 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 152 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 152.

153.    Paragraph 153 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 153 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and refer to the document referenced in Paragraph 153 for the complete and accurate contents thereof.

154.    Paragraph 154 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations. Insofar as the allegations in Paragraph 154 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and refer to the document referenced in Paragraph 154 for the complete and accurate contents thereof.

155.    Paragraph 155 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations. Insofar as the allegations in Paragraph 155 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and refer to the document referenced in Paragraph 155 for the complete and accurate contents thereof.

156.    Paragraph 156 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 156 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Moody's downgraded the ratings of certain of the Certificates sold in the 2006-4 and 2007-7 Offerings, and lack knowledge or information sufficient to form a belief as to why Moody's downgraded certain mortgage backed securities, and refer to the document referenced in Paragraph 156 for the complete and accurate contents thereof.

157.    Paragraph 157 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 157 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

158-168.    Paragraphs 158-168 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

169-174.    Paragraphs 169-174 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

175-177.    Paragraphs 175-177 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the document referenced in those paragraphs for the complete and accurate contents thereof.

178-181.    Paragraphs 178-181 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a

response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

182-183.  Paragraphs 182-183 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

184-188.  Paragraphs 184-188 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

189-190.  Paragraphs 189-190 set forth allegations pertaining to securities offerings and to alleged misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the document referenced in those paragraphs for the complete and accurate contents thereof.

191.    Paragraph 191 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 191 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 191 for the complete and accurate contents thereof.

192.    Paragraph 192 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 192 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 192 for the complete and accurate contents thereof.

193.    Paragraph 193 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 193 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

194.    Paragraph 194 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 194 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 194 for the complete and accurate contents thereof.

195.    Paragraph 195 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 195 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

196.    Paragraph 196 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 196 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the documents referenced in Paragraph 196 for the complete and accurate contents thereof.

197.    Paragraph 197 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 197 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

198.    Paragraph 198 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 198 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that underlying mortgage loans for the 2006-4 Offering were originated by Countrywide and that the prospectus supplement for that offering contained a general summary of underwriting guidelines used by Countrywide in originating the mortgage loans, including a description of Countrywide's discretion to depart from those guidelines, and refer to the  prospectus supplement publicly filed with the SEC in connection with the 2006-4 Offering for the complete and accurate contents thereof.

199.    Paragraph 199 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 199 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 199 for the complete and accurate contents thereof.

200.    Paragraph 200 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 200 pertain to

claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations.

201.    Paragraph 201 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 201 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations.

202.    Paragraph 202 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 202 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, and refer to the document referenced in Paragraph 202 for the complete and accurate contents thereof.

203.    Paragraph 203 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 203 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 203 for the complete and accurate contents thereof.

204.    Paragraph 204 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 204 pertain to

claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations.

205.    Paragraph 205 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 205 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 205 for the complete and accurate contents thereof.

206.    Paragraph 206 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 206 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations, and refer to RBS Acceptance's public filings in connection with the 2006-4 Offering for the complete and accurate contents thereof.

207.    Paragraph 207 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required to those allegations.  Insofar as the allegations in Paragraph 207 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations.

208.    Paragraph 208 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 208 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all

allegations, and refer to RBS Acceptance's public filings in connection with the 2006-4 Offering for the complete and accurate contents thereof.

209.    Paragraph 209 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 209 pertain to claims relating to the 2006-4 Offering that were not dismissed, the RBS Defendants deny all allegations, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209, and refer to the document referenced in Paragraph 209 for the complete and accurate contents thereof.

210.    Paragraph 210 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 210 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that certain of the underlying mortgage loans for the 2007-7 Offering were originated by American Home, and refer to the document referenced in Paragraph 210 for the complete and accurate contents thereof.

211.    Paragraph 211 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 211 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

212.    Paragraph 212 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations. Insofar as the allegations in Paragraph 212 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

213.    Paragraph 213 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 213 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 213 for the complete and accurate contents thereof.

214.    Paragraph 214 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 214 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

215.    Paragraph 215 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 215 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 215 for the complete and accurate contents thereof.

216.    Paragraph 216 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 216 pertain to

claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

217-223.  Paragraphs 217-223 set forth allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

224-227.  Paragraphs 224-227 set forth allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required.  To the extent a response is required, the RBS Defendants deny all allegations in those paragraphs, and refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

228.  Paragraph 228 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 218 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that certain of the underlying mortgage loans for the 2007-7 Offering were originated by Downey and that the prospectus supplement for that offering contained a general summary of underwriting guidelines used by Downey in originating the mortgage loans, including a description of Downey's discretion to depart from those guidelines, and refer to the document referenced in Paragraph 228 for the complete and accurate contents thereof.

229.  Paragraph 229 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations. Insofar as the allegations in Paragraph 229 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

230.    Paragraph 230 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 230 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 230 for the complete and accurate contents thereof.

231.    Paragraph 231 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 231 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

232.    Paragraph 232 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 232 pertain to claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 232 for the complete and accurate contents thereof.

233.    Paragraph 233 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 233 pertain to

claims relating to the 2007-7 Offering that were not dismissed, the RBS Defendants deny all allegations.

234.    Paragraph 234 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 234 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the documents referenced in Paragraph 234 for the complete and accurate contents thereof.

235.    Paragraph 235 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 235 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the documents referenced in Paragraph 235 for the complete and accurate contents thereof.

236.    Paragraph 236 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 236 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

237-240.    Paragraphs 237-240 set forth allegations pertaining to securities offerings and to misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no responses are required. To the extent a response is required, the RBS Defendants deny all allegations in these paragraphs, except refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

241.    Paragraph 241 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no

response is required as to those allegations. Insofar as the allegations in Paragraph 241 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 241 for the complete and accurate contents thereof.

242.    Paragraph 242 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 242 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

243.    Paragraph 243 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 243 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

244.    Paragraph 244 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 244 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except refer to the document referenced in Paragraph 244 for the complete and accurate contents thereof.

245.    Paragraph 245 includes allegations pertaining to securities offerings with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 245 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

246-252.    Paragraphs 246-252 set forth allegations pertaining securities offerings and to misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion and thus no responses are required. To the extent a response is

required, the RBS Defendants deny all allegations in those paragraphs, except refer to the documents referenced in those paragraphs for the complete and accurate contents thereof.

**GENERAL RESPONSE:**    With respect to all allegations in Paragraphs 253-259, the RBS Defendants respond only with respect to those claims that were not dismissed.

253.    Paragraph 253 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants admit that Plaintiffs purport to bring this action as a class action but deny that certification of the class referenced in Paragraph 253 is appropriate.

254.    Paragraph 254 describes persons and entities Plaintiffs purport to exclude from the putative class and asserts conclusions of law, to which no response is required.  To the extent that a response is required, the RBS Defendants deny that certification of the class referenced in Paragraph 254 is appropriate.

255.    Paragraph 255 purports to state legal or other conclusions to which no response is required.  To the extent that a response is required, the RBS Defendants lack knowledge or information as to the allegations in Paragraph 255, except deny that certification of the class referenced in Paragraph 255 is appropriate and admit that billions of dollars worth of MBS were issued pursuant to the Registration Statements.

256.    Paragraph 256 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations.

257.    Paragraph 257 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations.

258.    Paragraph 258 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations.

259.    Paragraph 259 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations.

**GENERAL RESPONSE:**    With respect to all allegations in Paragraphs 260-275, the RBS Defendants respond only with respect to those claims that were not dismissed.

260.    The RBS Defendants repeat and reincorporate the responses to the allegations contained in the paragraphs referred to in Paragraph 260 as if fully set forth herein.

261.    Paragraph 261 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 261 pertain to claims that were not dismissed, Paragraph 261 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations, except admit that Plaintiffs purport to bring a claim under Section 11 of the Securities Act against RBS Acceptance, RBS Securities, Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson, and James M. Esposito on behalf of themselves and a putative class.

262.    Paragraph 262 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 262 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

263.    Paragraph 263 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 263 pertain to claims that were not dismissed, Paragraph 263 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations.

264.    Paragraph 264 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 264 pertain to claims that were not dismissed, the RBS Defendants admit the allegations in Paragraph 264.

265.    Paragraph 265 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 265 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that RBS Securities underwrote the 2006-4 and 2007-7 Offerings.

266.    Paragraph 266 sets forth allegations pertaining to securities offerings and to misstatements or omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required. To the extent a response is required, the RBS Defendants deny all allegations.

267.    Paragraph 267 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS

Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 267 pertain to claims that were not dismissed, Paragraph 267 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations.

268.    Paragraph 268 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 268 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

269.    Paragraph 269 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 269 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

270.    Paragraph 270 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 270 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

271.    Paragraph 271 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 271 pertain to claims that were not dismissed,

Paragraph 271 asserts conclusions of law to which no response is required. To the extent a response is required, the RBS Defendants deny all allegations.

272. Paragraph 272 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 272 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 272, except deny that the Offering Documents for the 2006-4 and 2007-7 Offerings contained misstatements or omissions of material fact.

273. Paragraph 273 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 273 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

274. Paragraph 274 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 274 pertain to claims that were not dismissed, Paragraph 274 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations.

275. Paragraph 275 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those

allegations.  Insofar as the allegations in Paragraph 275 pertain to claims that were not dismissed, Paragraph 275 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations, except admit that the action was brought within three years of the public issuance of the 2006-4 and 2007-7 Offerings.

**GENERAL RESPONSE:**    With respect to all allegations in Paragraphs 276-283, the RBS Defendants respond only with respect to those claims that were not dismissed.

276.    The RBS Defendants repeat and incorporate the responses to the allegations contained in the paragraphs referred to in Paragraph 276 as if fully set forth herein.

277.    Paragraph 277 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 277 pertain to claims that were not dismissed, Paragraph 277 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations, except admit that Plaintiffs purport to bring a claim under Section 12 of the Securities Act against RBS Securities on behalf of themselves and a putative class.

278.    Paragraph 278 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 278 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

279.    Paragraph 279 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 279 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

280.    Paragraph 280 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 280 pertain to claims that were not dismissed, the RBS Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 280, except deny that the Offering Documents for the 2006-4 and 2007-7 Offerings contained misstatements or omissions of material fact.

281.    Paragraph 281 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 281 pertain to claims that were not dismissed, Paragraph 281 asserts conclusions of law to which no response is required. To the extent a response is required, the RBS Defendants deny all allegations.

282.    Paragraph 282 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 282 pertain to claims that were not dismissed,

Paragraph 282 asserts conclusions of law to which no response is required. To the extent a response is required, the RBS Defendants deny all allegations.

283.    Paragraph 283 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 283 pertain to claims that were not dismissed, Paragraph 283 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations, except admit that the action was brought within three years of the public issuance of the 2006-4 and 2007-7 Offerings.

**GENERAL RESPONSE:**    With respect to all allegations in Paragraphs 284-293, the RBS Defendants respond only with respect to those claims that were not dismissed.

284.    The RBS Defendants repeat and incorporate the responses to the allegations contained in the paragraphs referred to in Paragraph 284 as if fully set forth herein.

285.    Paragraph 285 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations. Insofar as the allegations in Paragraph 285 pertain to claims that were not dismissed, Paragraph 285 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations, except admit that Plaintiffs purport to bring a claim under Section 15 of the Securities Act against RBSG, RBS Holdings, RBS Securities, Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson, and James M. Esposito on behalf of themselves and a putative class.

286.    Paragraph 286 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 286 pertain to claims that were not dismissed, Paragraph 286 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations.

287.    Paragraph 287 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 287 pertain to claims that were not dismissed, Paragraph 287 asserts conclusions of law to which no response is required.  To the extent that a response is required the RBS Defendants deny all allegations.

288.    Paragraph 288 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 288 pertain to claims that were not dismissed, Paragraph 288 asserts conclusions of law as to which no response is required. To the extent that a response is required the RBS Defendants deny all allegations.

289.    Paragraph 289 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 289 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

290.    Paragraph 290 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 290 pertain to claims that were not dismissed, the RBS Defendants deny all allegations.

291.    Paragraph 291 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 291 pertain to claims that were not dismissed, the RBS Defendants deny all allegations, except admit that Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson, and James M. Esposito signed the Registration Statements.

292.    Paragraph 292 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 292 pertain to claims that were not dismissed, Paragraph 292 asserts conclusions of law to which no response is required.  To the extent that a response is required, the RBS Defendants deny all allegations.

293.    Paragraph 293 includes allegations pertaining to securities offerings and to alleged misstatements and omissions with respect to which all claims against the RBS Defendants were dismissed by the Opinion, and thus no response is required as to those allegations.  Insofar as the allegations in Paragraph 233 pertain to claims that were not dismissed,

Paragraph 293 asserts conclusions of law to which no response is required. To the extent that a response is required, the RBS Defendants deny all allegations.

## DEFENSES AND AFFIRMATIVE DEFENSES

The RBS Defendants assert the following affirmative defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on the Plaintiffs.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue claims against the RBS Defendants.

### FIFTH DEFENSE

Neither Section 11 or Section 12 of the Securities Act nor Section 15 of the Securities Act with respect to liability for a "controlled" (as "control" is defined in the federal securities laws and regulations) person's violation of Section 11 or Section 12 affords a remedy to purchasers that buy securities in the secondary market. To the extent that any securities that are the subject of this action were not purchased in the initial offering of those securities,

Plaintiffs fail to state a claim with respect to such securities under either Section 11 or Section 12 of the Securities Act or Section 15 of the Securities Act with respect to liability for a controlled person's violation of Section 11 or Section 12.

### SIXTH DEFENSE

The claims asserted against the RBS Defendants are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### SEVENTH DEFENSE

Certain statements alleged in the Complaint as false and misleading are forward-looking statements accompanied by meaningful cautionary language and are therefore not actionable under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and/or the bespeaks caution doctrine.

### EIGHTH DEFENSE

The claims are barred, in whole or in part, because the alleged misstatements are non-actionable statements that contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

### NINTH DEFENSE

Certain purportedly material information alleged in the Complaint to have been omitted from the Offering Documents was a matter of public knowledge and therefore was not required to be disclosed. Plaintiffs' claims with respect to such information therefore are barred.

### TENTH DEFENSE

Plaintiffs' claims are barred because the RBS Defendants at all times acted with reasonable care and due diligence with respect to the matters alleged in the Complaint to have

been misrepresented in or misleadingly omitted from the Registration Statements, prospectuses, prospectus supplements or public filings incorporated therein. After reasonable investigation, the RBS Defendants had reasonable ground to believe and did believe that the statements contained in the Offering Documents were true as of the date they were made and that there was no omission to state a material fact required to be stated therein or necessary to make statements therein not misleading.

## ELEVENTH DEFENSE

Plaintiffs knew, or should have known, of any untruth or omission in the Offering Documents.

## TWELFTH DEFENSE

Plaintiffs' claims are barred because the RBS Defendants did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred because the RBS Defendants did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others. None of the RBS Defendants had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred because the RBS Defendants did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of any federal securities law or regulation.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred because the RBS Defendants are not responsible in law or in fact for any alleged false or misleading statements or omissions by others.

## SIXTEENTH DEFENSE

Plaintiffs' claims against the RBS Defendants are barred because the RBS Defendants did not breach any duty owed to Plaintiffs.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have received and continue to receive payments as required by the terms of Certificates they purchased. Accordingly, Plaintiffs have failed to allege, and have not suffered, any cognizable injury, including but not limited to any cognizable injury attributable, in whole or in part, to any conduct by any of the RBS Defendants.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages recoverable by Plaintiffs must be reduced by the amount of payments received and to be received in the future by Plaintiffs under the terms of the Certificates it purchased.

## NINETEENTH DEFENSE

Without admitting that Plaintiffs suffered damages in any amount, or that the RBS Defendants are or should be liable for any such damages, the RBS Defendants assert that their liability for damages may not exceed the statutory limitation to damages set forth in 15 U.S.C. §77k(e).

## TWENTIETH DEFENSE

The RBS Defendants were entitled to, and did, rely upon the opinions of professionals and experts in affixing their signatures to, and authorizing the filing of Offering Documents in connection with the Certificates. The RBS Defendants believed that these experts were, in fact, expert in their field and were competent to render the opinions they had provided. Without admitting that any opinions provided by these experts were in anyway inadequate, unfounded or incorrect, the RBS Defendants had no notice that the opinions provided by these experts were in any way inadequate, unfounded or incorrect. The RBS Defendants had no reasonable ground to believe, and did not believe, that any statements contained in such filings were untrue or that there was an omission to state a fact required to be stated therein or necessary to make the statements therein not materially misleading. As a result of that reasonable reliance, the RBS Defendants did not know, and in the exercise of reasonable diligence could not have known, that the Offering Documents filed in connection with the Certificates contained material misstatements and omissions.

## TWENTY-FIRST DEFENSE

The actions or inactions of the RBS Defendants were not the sole cause or a partial cause of any loss allegedly suffered by Plaintiffs. Any damages allegedly suffered by Plaintiffs were the result of superseding and intervening causes.

## TWENTY-SECOND DEFENSE

The actions or inactions of the RBS Defendants were not the sole or partial cause of any decision by Plaintiffs to purchase the Certificates.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged depreciation in the value of the Certificates resulted from factors other than the misstatements and omissions alleged in the Complaint.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' have not suffered any injury when they continue to receive in full all cash distributions they are entitled to under the terms of the Certificates, and the Offering Documents explicitly state that there might not be a secondary market for the Certificates, and that even if a market did exist, it might not continue to exist or be sufficiently liquid to allow resale at a desired price or yield.

### TWENTY-FIFTH DEFENSE

Plaintiffs' claims against the RBS Defendants are barred because the injuries Plaintiffs sustained, if any, were caused by the actions or inactions of parties other than the RBS Defendants, actions or inactions by parties outside the control of the RBS Defendants, or economic events that were, likewise, outside the control of the RBS Defendants. These actions, inactions and events were intervening or superseding causes of Plaintiffs' alleged damages.

### TWENTY-SIXTH DEFENSE

The provisions of the PSLRA require that any liability of the RBS Defendants under the federal securities laws be determined in accordance with the proportionate fault provisions of 15 U.S.C. § 78u-4. Accordingly, the RBS Defendants are entitled to a submission asking the jury to assess the percentage of fault of each RBS Defendant, and the percentage of fault (if any) of the other persons or entities that the jury finds contributed to cause the harm

alleged by the Plaintiffs including but not limited to the originators of mortgages described in the Certificates.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against the RBS Defendants are barred, in whole or in part, because Plaintiffs assumed the risks disclosed in the Offering Documents associated with the Certificates and any losses Plaintiffs experienced were caused because those risks came to fruition. Plaintiffs who purchased with knowledge of those risks, or knowledge of adverse events in the market, likewise assumed the risks that there would be deterioration or further deterioration in the price or value of the Certificates, such that their damages are not recoverable as a matter of law.

### TWENTY-EIGHTH DEFENSE

Sections 11, 12 and 15 of the Securities Act do not afford a remedy to purchasers who bought their securities in a private placement pursuant to Rule 144A. Plaintiffs' claims are barred to the extent that their purchases of Certificates were made in a private placement.

### TWENTY-NINTH DEFENSE

Plaintiffs are limited to only those damages authorized by the Securities Act and the PSLRA and therefore Plaintiffs may not recover damages in excess of those authorized by these statutes or the regulations promulgated pursuant to these statutes.

### THIRTIETH DEFENSE

Plaintiffs' claims for damages or injury are barred, in whole or in part, because Plaintiffs failed to make reasonable efforts to mitigate such damages or injury, which would have prevented their damages or injury.

## THIRTY-FIRST DEFENSE

The RBS Defendants are entitled to be indemnified and/or receive contribution for any liability they incur.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims against the RBS Defendants are barred, in whole or in part, insofar as they allege material misstatements or omissions concerning mortgage loan underwriting guidelines because under Regulation AB, Section 1111, 17 C.F.R. § 229.1111(a)(3), the RBS Defendants were only required to disclose "[a] description of the solicitation, credit-granting or underwriting criteria used to originate or purchase the pool assets, including, to the extent known, any changes in such criteria and the extent to which such policies and criteria are or could be overridden" and the Offering Documents filed in connection with the Certificates described the solicitation, credit-granting and underwriting criteria used to originate the underlying mortgage loans and, to the extent known by the RBS Defendants, any changes to the criteria and the extent to which the criteria could be overridden.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims against the RBS Defendants are barred, in whole or in part, insofar as they allege material misstatements or omissions concerning mortgage loans underlying the 2006-4 and 2007-7 Offerings, because the Offering Documents provide that a certificateholder's sole remedy in the event that underlying mortgages did not conform to the loan information provided therein would be to request that the sponsor for the offering cure, repurchase or substitute such non-conforming mortgages, and Plaintiffs have not requested, nor has the sponsor refused, to cure, repurchase or substitute such non-conforming mortgages upon request.

## THIRTY-FOURTH DEFENSE

The RBS Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have available other, as yet unstated, defenses or affirmative defenses. Therefore, the RBS Defendants reserve their right to assert any additional defenses or affirmative defenses that discovery indicates may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the RBS Defendants respectfully request entry of judgment granting the following relief:

(a)    dismissing the claims remaining in the Complaint in their entirety, with prejudice;

(b)    awarding the costs of defending this action, including attorneys' fees, costs and disbursements; and

(c)    granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 16, 2010

SIMPSON THACHER & BARTLETT LLP

By _____
Thomas C. Rice (Trice@stblaw.com)
James G. Gamble (Jgamble@stblaw.com)
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Defendants The Royal Bank of Scotland Group, plc, RBS Holdings USA Inc. f/k/a Greenwich Capital Holdings, Inc., RBS Acceptance Inc. f/k/a Greenwich Capital Acceptance, Inc., RBS Financial Products Inc. f/k/a Greenwich Capital Financial Products, Inc., RBS Securities Inc. f/k/a Greenwich Capital Markets, Inc., Robert J. McGinnis, Carol P. Mathis, Joseph N. Walsh, III, John C. Anderson, and James M. Esposito*